GALLARDO ET AL., PLAINTIFFS AND APPELLANTS, *v.* TREASURER OF PORTO RICO, DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan, Section 1, in an Action for the Refund of Taxes Paid under Protest.

No. 1548.—Decided June 8, 1917.

REFUND OF TAXES—INHERITANCE TAX—PAYMENT UNDER PROTEST—ASSESSMENT—PRESCRIPTION.—When in an action for the refund of an inheritance tax

paid under protest the amount due is disputed because it was assessed on the basis of the value of the property in the year in which the tax was sought to be collected, instead of its value in the year of the death of the predecessor in title, Act No. 35 of March 9, 1911, is not applicable; but the question falls under section 374 of the Political Code, therefore such an action brought after the expiration of thirty days after the completion of the assessment is barred by limitation.

The facts are stated in the opinion.

*Mr. José S. Alegría* for the appellants.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

In the judgment from which this appeal was taken the court held that the action of the plaintiffs was barred because the complaint was filed after the expiration of the thirty days allowed by secion 374 of the Political Code for bringing such an action.

The Treasurer of Porto Rico assessed the inheritance tax to be paid by the plaintiffs on the basis of the value of the property in the year 1914, when payment was to be made, notwithstanding the contention of the appellants that the inheritance tax should be based upon the assessed value of the estate in the year 1903, when their predecessor in interest died. However, on May 2, 1914, the Treasurer insisted upon payment in accordance with his assessment and the appellants then paid under protest the amount claimed.

The appellants maintain that their action is not based on section 374 of the Political Code but on Act No. 35 of the year 1911, and if that act and not the said section of the Political Code is applicable to their case, then their action would not be barred, for the thirty days allowed for bringing it would begin to run from May 9, 1914, when they made the payment and not from the time of the completion of the appraisal and assessment of the taxes by the Treasurer as prescribed by said section 374.

The appellants do not allege in their complaint that the collection is unjust or illegal because they should not pay

an inheritance tax or that the same was collected contrary to the provisions of any statute, which are the cases enumerated in said Act No. 35; but while admitting their obligation to pay an inheritance tax, they deny that they owe the amount collected because it was assessed on the basis of the value of the property in the year 1914, when it was sought to be collected, instead of on the basis of the value of the property in 1903, the year in which their predecessor in interest died and their right to the inheritance on which the tax is collected originated, which value is less, and that, therefore, they do not owe the amount they were compelled to pay.

This question also arose in the case of *Succession of Puente* v. *People,* 19 P. R. R. 532, and after a careful consideration we reached the conclusion that actions of this class do not fall within the provisions of said Act No. 35, but come under section 374 of the Political Code. In that opinion we set out at length the reasonings upon which we based that conclusion; therefore we refrain from repeating them here, especially as no argument has been adduced tending to refute them. The same doctrine was followed later in the case of *Puente* v. *People,* 19 P. R. R. 560.

Therefore the doctrine referred to being applicable to the present case, the lower court did not err in holding that the action was barred, since more than thirty days intervened between May 2, 1914, when the Treasurer of Porto Rico completed the appraisal and assessment of the taxes to be paid by the plaintiffs, and June 6, 1914, when the complaint was filed.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.